UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DANIEL A. STOVALL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:10-cv-00585-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| NATIONAL DEFAULT SERVICING ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant Mortgage Electronic Systems, Inc.'s ("MERS") Motion to Dismiss and Expunge Lis Pendens (ECF No. 5). For the reasons that follow, Defendant's Motion to Dismiss and Expunge Lis Pendens (ECF No. 5) will be GRANTED; however, only the TILA and RESPA claims will be dismissed with prejudice. The state law claims will be dismissed without prejudice.

## I. BACKGROUND[1]

Plaintiffs obtained a loan and entered into a Deed of Trust in June of 2006. (Ex. A, ECF No. 6.) EquiFirst Corporation was listed as the lender on that Deed of Trust. (*Id.*) Plaintiffs stopped making payments on the loan in January of 2009, and a Notice of Default and Election to Sell was subsequently recorded on April 22, 2009. (Ex. B, ECF No. 6.) A Notice of Trustee's Sale was recorded on April 1, 2010. (Ex. E, ECF No. 6.)

Plaintiffs filed their Complaint (ECF No. 1) in this Court on April 22, 2010. Plaintiffs do not articulate why this Court has subject matter jurisdiction, but they appear to be bringing the case on the basis of federal question jurisdiction, as their Sixth Cause of Action contains allegations that the Defendants violated the Real Estate Settlement Procedures Act and the

---

[1] The Court will take judicial notice of the public records adduced by Defendants. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Truth in Lending Act. Plaintiffs do not plead diversity jurisdiction, nor do they list the citizenship of each party.

Plaintiffs named as Defendants National Default Servicing Corp.; Mortgage Electronic Registration Systems, Inc.; Equifirst Corp.; and Equity Title of Nevada, alleging: (1) Misrepresentation and Fraud by Omission; (2) Quiet Title; (3) Tortious Breach of the Implied Duty of Good Faith and Fair Dealing; (4) Civil Conspiracy; (5) Unjust Enrichment; (6) Violations of RESPA and TILA; and (7) Declaratory Relief.

On January 11, 2011, the Court dismissed all claims against National Default Servicing Corp., Equifirst Corp., and Equity Title of Nevada because Plaintiffs failed to effectuate timely service pursuant to Fed. R. Civ. P. 4(m). Only Plaintiffs' claims against Defendant MERS remain.

## II. RULE 12(b)(6) STANDARD

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Federal Claims

The only federal claims contained in the Complaint arise under TILA and RESPA.

Specifically, Plaintiffs allege that Defendant violated RESPA "by charging expensive loan fees, the existence of a loan to value ratio in excess of 80%, a "teaser," initially low interest rate and a large balloon payment at maturity." (Compl. 12 ¶ 62A, ECF No. 1.)  Plaintiffs also contend that Defendant violated TILA "by not providing a three-day right of rescission for this subject financing loan, and insufficient disclosure of insurance and prepayment charges." (Compl. 12 ¶ 62B, ECF No. 1.)  Plaintiffs seek damages and attorney's fees and costs stemming from these alleged statutory violations.  These claims must be dismissed, however, because they are time-barred.

        1.    <u>TILA Claims</u>

TILA imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Equitable tolling may nonetheless apply in certain circumstances and can operate to suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action. *See King*, 784 F.2d at 914-15.  However, such equitable tolling is only appropriate when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Equitable tolling does not apply when the plaintiff fails to allege facts demonstrating that she could not have discovered the alleged violations by exercising reasonable diligence. *Copeland v. Lehman Bros. Bank*, No. 09cv1774-WQH-RBB, 2011 WL 9503, *6 (S.D. Cal. Jan 3, 2011). Additionally, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Here, Plaintiffs filed this lawsuit nearly four years after the consummation of the

underlying transaction and has pleaded no facts indicating that MERS--or any other Defendant--prevented Plaintiffs from discovering the alleged TILA violations or caused Plaintiffs to allow the filing deadline to pass.  Accordingly, Plaintiffs' TILA claims are time-barred and will be dismissed.

Furthermore, Plaintiffs may not maintain their TILA claims against MERS because Plaintiffs have not alleged that MERS was either the creditor or an assignee of the creditor. TILA claims are only cognizable against creditors, *see* 15 U.S.C. § 1640(a), and assignees of creditors, *see* 15 U.S.C § 1641(a). *See Gorospe v. Security National Mortgage*, CV No. 10-00506 DAE-BMK, 2011 WL 578844, at *6 (D. Hawaii Feb. 08, 2011).  In their Complaint, however, Plaintiffs affirmatively plead that MERS, Equifirst Corporation, and Equity Title of Nevada "were not the lender, but were only middlemen performing a service for a fee on behalf of a New York based entity which sold securities to raise the capital for Plaintiff s' loans." (Compl. ¶ 2, ECF No. 1.)  Plaintiffs further allege that "[t]here were never 'any obligations in favor of Defendant MERS, as Defendant MERS was not the original lender; was never owed any monies; was never paid any monies . . ." (*id.* ¶ 5), and that "MERS has never and is not legally a 'Beneficiary' of the Deed of Trust; has no legal authority to transfer and [sic] either the Deed of Trust or the Note incident to the mortgage loan identified herein *infra*; and has no legal authority to institute or maintain foreclosure proceedings," (*id.* ¶ D). Thus, Plaintiffs have not only failed to plead that MERS is either the lender or its assignee, Plaintiffs have, in essence, affirmatively pleaded that MERS is *not* the lender or its assignee. Under such circumstances, amendment would be futile, so Plaintiffs' TILA claim will be dismissed without leave to amend. *See Gorospe*, 2011 WL 578844, at *6 (dismissing a TILA claim with prejudice where the Complaint did not allege that MERS was a TILA creditor).

    2. <u>RESPA Claims</u>

RESPA imposes either a one-year or a three-year statute of limitations depending on

the violation alleged. 12 U.S.C. § 2614. Violations of sections 2607 and 2608 have a one-year statute of limitations, whereas violations of section 2605 have a three-year statute of limitations. *Id.*

Plaintiffs fail to cite any specific provision of RESPA that MERS violated. Such a failure may itself be sufficient grounds for the dismissal of a RESPA claim. *See Gorospe*, 2011 WL 578844, at *7. The Court and MERS should not have to speculate as to under which provisions Plaintiffs are suing.

However, regardless of which RESPA provision Plaintiffs are suing under, their claims are time-barred because this claim arose out of the origination of Plaintiffs' loan but the lawsuit was filed more than three years after that transaction was consummated. Plaintiffs have also failed to argue that equitable tolling applies to this claim, nor have they pleaded any facts that would support a finding of equitable tolling.

Even if the RESPA claim were not time-barred, Plaintiffs have failed to plead facts giving rise to a RESPA claim. There are only three sections in RESPA that provide a private right of action:

> 1) § 2605 requires disclosure to a loan applicant of whether the servicing of the loan may be assigned, sold or transferred; notice to the borrower at the time of transfer; and responses by the loan servicer to qualified written requests by the borrower; (2) § 2607 prohibits kickbacks; and (3) § 2608 prohibits sellers from requiring buyers to purchase title insurance on a property as a condition of its sale.

*Padilla v. One West Bank*, No. 10-04080 CW, 2010 WL 5300900, at *5 (N.D. Cal. Dec. 20, 2010). However, the only facts Plaintiffs plead in support of their RESPA claim are: Defendants "charg[ed] expensive loan fees, the existence of a loan to value ratio in excess of 80%, a 'teaser,' initially low interest rate and a large balloon payment at maturity." (Compl. ¶ 62A, ECF No. 1.) None of these facts support a RESPA claim, as they do not concern

servicing disclosures, kickbacks, or the purchase of title insurance. Consequently, amendment would be futile, so this claim will be dismissed without leave to amend.

### B. State Law Claims

Plaintiffs' remaining claims arise under state law. Indeed, the heart of Plaintiffs' case focuses on what they believe was a procedurally improper foreclosure process. The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is discretionary, and there is no longer any reason to exercise that jurisdiction here. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (a district court may exercise its discretion and dismiss state law causes of action under 28 U.S.C. § 1367(c)). When a lawsuit's federal-law claims are dismissed at an early stage of the litigation, district courts have "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988).

The non-judicial foreclosure process in Nevada is a creation of state law, and it is therefore appropriate to direct Plaintiffs' remaining state-law claims to a state tribunal, should they choose to pursue them further. Accordingly, Plaintiffs' state law claims are dismissed without prejudice.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and Expunge Lis Pendens (ECF No. 5) is **GRANTED**. Plaintiffs' TILA and RESPA claims are **DISMISSED with prejudice**, while Plaintiffs' state law claims are **DISMISSED without prejudice**. The *lis pendens* is hereby expunged.

**DATED** this 23rd day of March, 2011.

_____
Gloria M. Navarro
United States District Judge